UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE THORNBERRY,<br><br>Petitioner,<br><br>v.<br><br>JOSEPH LIZARRAGA, Warden,<br><br>Respondent. | Case No.: 16cv2083 BAS (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PETITIONER'S MOTION TO AMEND THE PETITION [Dkt. No. 13]; and**<br><br>**ORDER DENYING AS MOOT MOTION TO EXPAND THE RECORD [Dkt. No. 19].** |

Petitioner Daniel Thornberry filed a petition for habeas corpus in August 2016 containing four claims. He filed a motion for stay and abeyance so that he could return to state court to exhaust claims two through four. The court set a briefing schedule on the motion for stay and abeyance. Just after the briefing schedule was set, Thornberry filed a motion to withdraw the stay and abeyance motion and a motion to amend the petition. In the motion to amend, Thornberry seeks to withdraw claims two through four of his petition. He seeks to file the attachment located on CM/ECF pages 3 to 16 of his motion as his first amended petition. Respondent filed a notice of non-opposition to the motion to amend and also lodged the state court record.

The day before Respondent lodged the state court record, Thornberry filed a motion to expand the record. The court will address that motion without an opposition from Respondent.

**Motion to Amend the Petition.**

Federal Rule of Civil Procedure 15(a) may be used to allow a petitioner to amend his petition with the court's leave. *See* Rule 5, Rules Governing 2254 Cases, 28 U.S.C. foll. § 2254 Adv. Comm. Notes. Here, Thornberry seeks to remove three unexhausted claims from his petition. Respondent does not oppose. For good cause shown, the court **RECOMMENDS** that the district judge **GRANT** the motion for leave to amend the petition and **ORDER** the clerk to file CM/ECF pages 3 to 16 of his motion for leave to amend as Thornberry's First Amended Petition.

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). **IT IS ORDERED** that no later than **November 23, 2016**, any party to this action may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed with the court and served on all parties no later than **November 30, 2016**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**Motion to Expand the Record.**

Thornberry filed a motion to expand the record under Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts. He argues the expansion is necessary to help him fully plead and prove the facts and allegations in his petition in a clear and concise way. Thornberry does not request an evidentiary hearing. Rather, he asks the court to direct the Attorney General's office to provide these materials to him: (1) transcripts from Thornberry's preliminary hearing; (2) transcripts from his

sentencing hearing; (3) Thornberry's habeas petition filed in superior court on March 30, 2015; (4) his habeas petition filed in the appellate court on May 15, 2015; (5) Thornberry's petition for review in the California Supreme Court filed on August 1, 2015; (6) the California Supreme Court's denial of the petition for review on August 12, 2015; (7) the abstract of judgment from his trial court case; and (8) all audio transcriptions of every hearing in his trial court case.

Under Rule 7 courts may expand the record without holding an evidentiary hearing. *See Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005). Rule 7 sets these parameters for expanding a record:

> **(a) In General.** If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. The judge may require that these materials be authenticated.
> **(b) Types of Materials.** The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.
> **(c) Review by the Opposing Party.** The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

*See* Rule 7, Rules Governing 2254 Cases, 28 U.S.C. foll. § 2254 Adv. Comm. Notes.

Even when a petitioner seeks relief based on new evidence and without an evidentiary hearing, the petitioner must still meet the conditions of obtaining an evidentiary hearing under section 2254(e)(2). *Holland v. Jackson*, 542 U.S. 649, 652-653 (2004). Those conditions include showing:

> (A) the claim relies on—
> (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

    Here, Thornberry does not appear to seek the admission of new evidence. He asks only for a copy of his state court record. The day after Thornberry mailed this motion, the Attorney General provided to the court and served on Thornberry the lodgment in this case comprised of the state court records. Thornberry does not appear to seek anything further. Because Thornberry does not seek new or additional evidence, and because the Attorney General already provided Thornberry with a copy of his state court record, this court **DENIES as moot** Thornberry's motion to expand the record.

    **IT IS SO ORDERED.**

Dated: November 9, 2016

Hon. Nita L. Stormes
United States Magistrate Judge