UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL THORNBERRY,<br><br>                                Petitioner,<br><br>v.<br><br>JOSEPH LIZARRAGA, Warden,<br><br>                                Respondent. | Case No.: 16-cv-02083-BAS(NLS)<br><br>**ORDER:**<br><br>**(1) APPROVING AND ADOPTING REPORT AND RECOMMENDATION IN ITS ENTIRETY; AND**<br><br>**(2) OVERRULING PETITIONER'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER DENYING HIS MOTION TO EXPAND THE RECORD**<br><br>**[ECF Nos. 20, 21]** |

Petitioner, a state prisoner proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Presently before the Court are two items. First, U.S. Magistrate Judge Nita L. Stormes has issued a Report & Recommendation ("R&R") recommending that this Court grant Petitioner's motion to amend his Petition. (ECF No. 20.) Second, Petitioner has filed an objection to Judge Stormes's order denying his motion to expand the record. (ECF No. 21.) For the following reasons, the Court **APPROVES** and **ADOPTS** the R&R and (2) **OVERRULES** Petitioner's objection.

### I. Report & Recommendation

Petitioner moves to amend his Petition. (ECF No. 13.) Respondent does not oppose. (ECF No. 16.) Thus, Judge Stormes issued an R&R recommending that this Court grant Petitioner's motion to amend the Petition. (ECF No. 20.)

The Court reviews *de novo* those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But "[t]he statute [28 U.S.C. § 636(b)(1)(c)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Here, Petitioner has filed a document titled "Objections to Report and Recommendations." (ECF No. 21.) However, having reviewed Petitioner's filing, he is not objecting to Judge Stormes's R&R. (*Id.* at 2.) Rather, Petitioner is objecting to Judge Stormes's ruling on his motion to expand the record—a ruling that was contained in the same document as the R&R. (*See id.*; ECF No. 20.) The Court addresses Petitioner's objection to this ruling separately below. Accordingly, because no objection to the R&R has been filed and Judge Stormes's recommendation is sound, the Court will approve and adopt the R&R in its entirety.

### II. Objection to Order on Motion to Expand the Record

Petitioner filed a request before Judge Stormes titled "motion to expand the record." (ECF No. 19.) In his request, Petitioner asked that the Court "direct the attorney general to provide" various documents to Petitioner that he listed in an attached affidavit. (*Id.*) These documents included transcripts of his state court proceedings and rulings on his habeas petition filed in state court. (*Id.*)

In considering Petitioner's motion, Judge Stormes noted that Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts allows a court to expand the record without holding an evidentiary hearing. (ECF No. 20 at 3 (citing *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005).) She also noted, however, that a

petitioner seeking to expand the record without an evidentiary hearing must still meet the conditions for obtaining an evidentiary hearing under 28 U.S.C. § 2254(e)(2). (*Id.* (citing *Holland v. Jackson*, 542 U.S. 649, 652–53 (2004).) These conditions include that:

> (A) the claim relies on--
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.A. § 2254(e)(2).

In applying these principles to Petitioner's request, Judge Stormes reasoned that it appeared Petitioner was not seeking the admission of new evidence. (ECF No. 20 at 4.) She noted he was asking for copies of state court records and did "not appear to seek anything further." (*Id.*) In addition, after Petitioner filed his motion, Respondent served on Petitioner the lodgment in this case containing the state court record. (ECF No. 17.) Thus, Judge Stormes denied as moot Petitioner's motion. (*Id.*) Petitioner now objects to this ruling. (ECF No. 21.)

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. Fed. R. Civ. P. 72. The magistrate judge's order will be upheld unless it is clearly erroneous or contrary to law. *Id.*; 28 U.S.C. § 636(b)(1)(A).

Here, Petitioner argues Judge Stormes's ruling was premature and erroneous. (*Id.*) Specifically, Petitioner argues that his reply in support of one of his other motions—his motion to amend the Petition—demonstrates his motion to expand the record is seeking to introduce new evidence, not simply to obtain copies of the state court record. (*Id.*) Thus, in Petitioner's view, Judge Stormes's ruling is erroneous because she did not wait to consider his motion to expand the record in light of his other filings. (*Id.*)

The Court overrules Petitioner's objection. Judge Stormes identified the correct standard to apply to a motion to expand the record in a habeas proceeding. Further, the Court agrees with Judge Stormes's interpretation of Petitioner's motion—it did not appear that Petitioner was seeking to expand the record for habeas review with new evidence. In his motion, Petitioner requested copies of state court records. (ECF No. 19.) He did not argue these records were new evidence or demonstrate that the conditions for an evidentiary hearing in 28 U.S.C. § 2254(e)(2) were satisfied. (*See id.*) Thus, Judge Stormes reasonably interpreted his request as seeking copies of records from the state court proceedings related to his conviction and prior habeas petition—as opposed to seeking to introduce new evidence and expand the record for habeas review in this proceeding.

However, even if Petitioner was seeking to expand the record to include new evidence, as he now argues he was, he did not show doing so was appropriate in his motion. *See Holland*, 542 at 652–53; 28 U.S.C. § 2254(e)(2). Because Petitioner failed to meet his burden, Judge Stormes had no obligation to wait to rule on his request until he filed a reply in support of a separate motion. For the same reason, Judge Stormes's order denying his request was not clearly erroneous or contrary to law. The Court therefore overrules Petitioner's objection. *See* Fed. R. Civ. P. 72.

### III. Conclusion

In light of the foregoing, the Court **APPROVES** and **ADOPTS** the R&R in its entirety (ECF No. 20) and **GRANTS** Petitioner's motion to amend the Petition (ECF No. 13). Further, the Court **ORDERS** the Clerk of the Court to file CM/ECF pages three to sixteen of Petitioner's motion (ECF No. 13) as Petitioner's First Amended Petition. In addition, the Court **OVERRULES** Petitioner's Objection to Judge Stormes's November 9, 2016, Order denying his motion to expand the record (ECF No. 19). (ECF No. 21.)

**IT IS SO ORDERED.**

**DATED: December 6, 2016**

Hon. Cynthia Bashant
United States District Judge