UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE THORNBERRY,<br><br>                     Petitioner,<br><br>v.<br><br>JOSEPH LIZARRAGA, Warden,<br><br>                     Respondent. | Case No.: 16cv2083 BAS (NLS)<br><br>**ORDER DENYING PETITIONER'S SECOND MOTION TO EXPAND THE RECORD [Dkt. No. 55]** |

      Petitioner Daniel Thornberry, a prisoner proceeding pro se and in forma pauperis, filed a habeas petition challenging the constitutionality of his confinement. He filed this second motion to expand the record to include documents he believes should be considered as additional evidence to support the petition. This court already denied Thornberry's first motion to expand the record (Dkt. No. 20), motion for discovery (Dkt. No. 43), motion for production of documents (Dkt. No. 43) and motion for evidentiary hearing (Dkt. No. 43), most of which sought to include the same evidence. The district judge overruled Thornberry's objections to this court's order denying the first motion to expand the record. (Dkt. No. 35).

/ / /

Respondent filed an opposition to this motion while Thornberry's First Amended Petition (FAP) was the operative petition in this case, which referred to the single claim in the FAP. Recently, Thornberry filed a Second Amended Petition (SAP, Dkt. No. 61) that adds due process and equal protection claims. Thornberry also filed a reply to this second motion to expand the record. For the following reasons, the court **DENIES** Thornberry's second motion to expand the record.

**Relevant Background.**

The SAP challenges the state court's denial of Thornberry's motion for resentencing under California Penal Code section 1170.18. Section 1170.18 is based upon the state voters' 2014 approval of Proposition 47, which retroactively and prospectively reduced sentences for certain types of nonviolent crimes that were reclassified from felonies to misdemeanors. Thornberry argues that the state court's failure to resentence him violated his due process and equal protection rights.

In 2010, Thornberry pleaded guilty to one count of robbery under California Penal Code 211. Lodgment 1; 6, p.1. He admitted allegations that he had two prior convictions for federal bank robbery, which qualified as serious felonies and strikes. Lodgment 6, p.1. The sentencing court dismissed the allegations regarding one of the strikes. *Id.* Facing a range of 12 to 16 years in his plea agreement as opposed to the 35 years to life under the statute, Thornberry was ultimately sentenced to 14 years in prison. *Id.*; Lodgment 1, p.2. He did not file a direct appeal of that conviction. *See* Lodgment 1.

In 2015, Thornberry filed a habeas petition asking for resentencing under Proposition 47. Lodgment 3. The California superior court denied the petition and found that Thornberry's "commitment offense was for a violation which is not included in the crimes affected by the initiative and petitioner would not be eligible for [the] relief afforded." Lodgment 4, p.1. Thornberry then filed another habeas petition with the California appellate court, where he asked for resentencing because his latest robbery conviction was nonviolent, did not involve threats to the victim, and did not involve use of a weapon. Lodgments 5, 6, p.1.

The appellate court denied the petition on procedural grounds because Thornberry could have pursued this claim on direct appeal but failed to do so. Lodgment 6, p.1. It also denied the petition on substantive grounds, noting that Thornberry was not entitled to resentencing because "the robbery of which Thornberry was convicted is not among the offenses reduced to misdemeanors and remains a felony. (See Pen. Code, § 1170.18, subd. (a).)." Lodgment 6, p.1. The California Supreme Court summarily denied the petition. Lodgment 7.

**Discussion.**

Thornberry filed a motion to expand the record under Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts. He wants to expand the record to include the transcripts of (1) the colloquy of his change of plea hearing from October 8, 2010 so he can establish the factual basis of the predicate offense; and (2) his sentencing hearing, so he can expose the judge's findings of fact. *See* SAP, pp.5, 8. Thornberry argues that these transcripts will help him establish that his predicate offense was not a categorical crime of violence. Thornberry does not request an evidentiary hearing.

Under Rule 7 courts may expand the record without holding an evidentiary hearing. *See Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005), overruled on other grounds by *Daire v. Lattimore*, 812 F.3d 766 (9th Cir. 2016). Even when a petitioner seeks relief based on new evidence and without an evidentiary hearing, the petitioner must still meet the conditions of obtaining an evidentiary hearing under section 2254(e)(2) unless the petitioner "exercised diligence in his efforts to develop the factual basis of his claims in state court proceedings." *Id.*; *Holland v. Jackson*, 542 U.S. 649, 652-653 (2004). The conditions of 2254(e)(2) include showing:

> (A) the claim relies on—
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (ii) a factual predicate that could not have been previously
> discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by
> clear and convincing evidence that but for constitutional error, no
> reasonable factfinder would have found the applicant guilty of the
> underlying offense.

28 U.S.C. § 2254(e)(2).

Thornberry asks to supplement the record here with his change of plea and sentencing transcripts that were not before the state courts. He argues he has been diligent as required under *Holland*, 542 U.S. 649 because he has been transferred to two other prisons during the pendency of this petition and has had limited access to the law library. Motion, pp.1, 9-10. But the due diligence requirement under *Holland* requires due diligence in state court proceedings. By failing to appeal the Prop 47 denial, Thornberry does not show that he exercised such diligence. Because Thornberry did not appeal his underlying conviction or the denial of his Prop 47 request, those transcripts were never prepared and thus were never before the state courts. *See* Opp'n, p.2. Thus, Thornberry must meet the requirements of getting an evidentiary hearing in order to expand the record.

Thornberry argues that he did not discover the factual predicate for his claim until he read two Supreme Court cases, which occurred "as of the date of this motion's [March 30, 2017] verification." Motion, p.10. But the relevant inquiry under 28 U.S.C. § 2254(e)(2)(ii) is whether the factual predicate *could* have been previously discovered by exercising due diligence. Thornberry does not show that his readings of *Taylor v. U.S.*, 495 U.S. 575 (1990) and *Shepard v. U.S.*, 544 U.S. 13 (2005) constitute "factual predicates" for his claim and that they could not have previously been discovered.

Finally, Thornberry argues that the facts underlying his commitment offense will show—by clear and convincing evidence—that no reasonable factfinder would label Thornberry's robbery conviction as a categorical crime of violence. Motion, p.11. Respondent argues that this is not possible because robbery under California Penal Code

§ 211 is not a crime that is eligible for reduction under Prop 47. *See Bowman v. Perry*, 2016 WL 4013675, at *6 (S.D. Cal. July 27, 2016) (Bashant, J.). The court finds that Thornberry cannot show by clear and convincing evidence that with his § 211 robbery conviction he will be eligible for Prop 47 relief.

**Order.**

Thornberry fails to show that the factual predicate of his claim could not have been discovered during the course of his state court proceedings or that he can establish by clear and convincing evidence that he is eligible for Prop 47 relief. The court, therefore, denies his second motion to expand the record.

**IT IS SO ORDERED.**

Dated: June 2, 2017

Hon. Nita L. Stormes
United States Magistrate Judge