UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE THORNBERRY,<br><br>                                 Petitioner,<br><br>v.<br><br>SCOTT KERNAN, Secretary of the California Department of Corrections and Rehabilitation,<br><br>                                 Respondent. | Case No.: 16cv2083 BAS (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[ECF No. 64]** |

On May 25, 2017, Petitioner Daniel Thornberry ("Thornberry"), proceeding *pro se* and *in forma pauperis*, filed a second amended petition for writ of habeas corpus alleging that he is entitled to resentencing under California Proposition 47. ECF No. 61. Respondent filed a motion to dismiss, arguing that Thornberry fails to state a federal claim. ECF No. 64-1. On June 30, 2017, Thornberry opposed the motion [ECF No. 72] and the Court took the matter under submission.[1] For the following reasons, the Court **RECOMMENDS** that the district judge **GRANT** the motion to dismiss.

---

[1] On June 30, 2017, Thornberry filed a Motion for Leave to Exceed the Ten (10) Page Limit for Filing Petitioner's Opposition to Respondent's Motion to Dismiss. ECF No. 72. Attached to this filing was an

## I. RELEVANT BACKGROUND

On October 8, 2010, Thornberry pled guilty to one count of robbery. Lodgment 1; Lodgment 6 at 1. He admitted allegations that he had two prior convictions for bank robbery, which qualified as serious felonies and strikes. Id. The sentencing court dismissed the allegations regarding one of the strikes. Lodgment 6 at 1. Thornberry was sentenced to fourteen years in prison. Id. He did not file a direct appeal of that conviction. Id.

On March 30, 2015, Thornberry filed a habeas petition in San Diego County Superior Court asking that the court resentence him under Proposition 47. Lodgment 3. Proposition 47 was a ballot initiative passed by California voters in 2014, which allowed certain felony drug possession and theft convictions to be reduced to misdemeanors upon application to the state trial court.[2] The superior court denied the petition, noting that Thornberry had not filed a petition for sentence modification with the court, but that even if he had, it would have been denied because his commitment offense is not one of the crimes covered by Proposition 47. Lodgment 4.

Thereafter, Thornberry filed a habeas petition in the California Court of Appeal, again seeking resentencing under Proposition 47 and also arguing that classifying his offense as robbery, as opposed to theft, violated the equal protection clause of the Fourteenth Amendment. Lodgment 5. On June 8, 2015, the appellate court denied the petition on the grounds that the superior court's order was appealable and Thornberry did

---

opposition brief. Id. Because this document was filed so far in advance of the August 31, 2017 deadline for opposing Respondent's motion (see ECF No. 62, court order setting deadline), and to ensure Thornberry had sufficient opportunity to respond, the Court granted Thornberry's motion for leave to file excess pages and confirmed that Thornbery had until August 31, 2017 to file an opposition. ECF No. 73. Thornberry filed no other opposition by the deadline, so the Court will address Thornberry's June 30, 2017 opposition brief as the operative response.

[2] Proposition 47 was codified as California Penal Code § 1170.18 and became effective on November 5, 2014.

not appeal it, and also because Thornberry was not eligible to be resentenced under Proposition 47. Lodgment 6.

Thornberry then filed a petition for review in the California Supreme Court.[3] The court denied the petition without citation on August 12, 2015. Lodgment 7.

In his initial petition for habeas corpus in this Court, Thornberry admitted that three of his four claims were unexhausted. ECF Nos. 1, 3. After voluntarily withdrawing the three unexhausted claims, Thornberry filed an amended petition containing one claim that Thornberry's due process and equal protection rights were violated when he was excluded from eligibility for relief under Proposition 47. ECF No. 36 at 12.

Thornberry then moved to further amend his petition. ECF No. 27. The Court granted his motion and Thornberry filed a Second Amended Petition on May 25, 2017. ECF No. 61. In the operative pleading, Thornberry claims that he is entitled to resentencing under Proposition 47 and that the denial of resentencing violated his federal due process and equal protection rights.[4] Id. at 17.

## II. LEGAL STANDARD

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas courts may not "reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 68 (1991); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2006) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting

---

[3] The Court does not have a copy of this petition. Respondent explains that "[t]he state supreme court was unable to fulfill Respondent's request for a copy of Thornberry's petition because it did not have the petition in its file." ECF No. 64-1 at 2 n.1. Petitioner's statements in his opposition suggest that he raised the same issues as in his prior petitions.

[4] It appears Thornberry opted not to include the selective prosecution claim and *ex post facto* claim listed in his proposed supplemental petition [ECF No. 27], despite the district judge having granted him the opportunity to include these claims in his Second Amended Petition. See ECF No. 58 at 6.

3

in habeas corpus"). If no federal claim is implicated then the petition must be dismissed. See Rule 4, 28 U.S.C. foll. § 2254 (the court "must dismiss" a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court").

### III. DISCUSSION

Thornberry argues that he is entitled to resentencing under Proposition 47 and that the denial of such relief violates his federal due process and equal protection rights. ECF No. 61 at 17. Specifically, he contends that if the state courts had looked at the specific conduct underlying his robbery conviction, they would have seen that it was non-violent and thus, comparable in nature to crimes covered by § 1170.18. Id. at 16-17. Thornberry argues that the state courts' failure to make such an inquiry into the circumstances of his conviction violated his due process rights. Id. Similarly, the crux of Thornberry's equal protection claim appears to be that, because the robbery he committed was non-violent, his conviction is similar to some of the theft crimes eligible for resentencing under Proposition 47 and, thus, he is being treated differently from similarly-situated individuals in being denied resentencing. Id. at 17. These arguments are not cognizable on federal habeas review. What Thornberry is asserting is that the state courts improperly construed the scope and applicability of state laws—both Penal Code § 211 (which defines robbery) and Proposition 47. But it is not the province of federal courts to re-evaluate state court decisions on state law questions in the context of federal habeas review. Estelle, 502 U.S. at 68; see also Medley v. Runnels, 506 F.3d 857, 862 (9th Cir. 2007) ("a federal court may not overturn a conviction simply because the state court misinterprets state law"); Wynn v. Bunnel, 12 F.3d 1111 (9th Cir. 1993) (quoting Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985)) ("[a] writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. It is unavailable for alleged error in the interpretation or application of state law"). Moreover, the fact that Thornberry appended references to federal due process and equal protection rights to his claim does not transform it into a

federal claim. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) ("Langford may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process"); Little v. Crawford, 449 F.3d 1075, 1081–82 (9th Cir. 2006) (concluding that a claim alleging misapplication of state law by a state court did not give rise to an equal protection claim).

Numerous other courts in this circuit have addressed this issue and similarly held that a state court's refusal to reduce a petitioner's sentence pursuant to Proposition 47 is not a federal claim that is cognizable on federal habeas review. See, e.g., Shell v. Rackley, 16cv2320, 2017 WL 3021067, at *5 (S.D. Cal. Jul. 17, 2017), Report and Recommendation adopted at 2017 WL 3605339 (S.D. Cal. Aug. 22, 2017) ("[h]here, although Petitioner labels his claims as federal 'due process' and 'equal protection' claims, Petitioner has effectively asked this Court to find that a California state court erred in interpreting and applying California state law. Such a claim is not cognizable in federal habeas corpus"); McKinney v. Pfeiffer, CV15-05268, 2017 WL 1078441, at *4 (C.D. Cal. Jan. 11, 2017), Report and Recommendation adopted at 2017 WL 1073340 (C.D. Cal. Mar. 21, 2017) (same); Miles v. Rackley, 16cv0278, 2016 WL 6298408, at *2 (E.D. Cal. Oct. 27, 2016), Report and Recommendation adopted at 2016 WL 7212801 (E.D. Cal. Dec. 12, 2016) (same); Adams v. Borders, No. ED CV16-005, 2016 WL 4523163, at *3 (C.D. Cal. Jul. 29, 2016), Report and Recommendation adopted at, 2016 WL 4520906 (C.D. Cal. Aug. 29, 2016) (same). Absent a cognizable federal claim, the petition must be dismissed.[5]

---

[5] Even if this Court were able to address Thornberry's claim that his robbery conviction under California Penal Code § 211 fundamentally is the same as a theft crime, his argument fails on the merits. Proposition 47 provides that "[a] person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Cal. Penal Code § 1170.18. The California

In his opposition, Thornberry attempts to reframe his arguments. Thornberry first argues that he sought to have his conviction and sentence vacated at the state level (versus simply requesting that he be resentenced under California Penal Code § 1170.18), because changes in the theft statute "rendered his offense conduct improperly and illegally classified as the law now stands." ECF No. 72 at 6. However this is not true because nothing in Proposition 47 changed the elements of Penal Code § 211 so there is no evidence that Thornberry's conduct does not still satisfy the elements for robbery. He simply believes that the state courts should have downgraded his conviction from robbery to theft, which again, is not a claim that is cognizable on federal review. To the extent Thornberry implies that he never should have been charged with robbery, the Court notes that it was within the state prosecutor's discretion to charge Thornberry with the most serious, provable offense. See Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("[i]n our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file ... generally rests entirely in his discretion"); Nunes v. Ramirez-Palmer, 485 F.3d 432, 441 (9th Cir. 2007). Thus, these arguments do not support a finding that Thornberry is in custody in violation of federal law. 28 U.S.C. § 2254(a).

---

Court of Appeal has rejected applying Proposition 47 to crimes not specifically enumerated in this section, explaining that "[o]mission of [a] crime as one of the listed crimes eligible for resentencing . . . reflect that [the crime] was not intended to be one of the crimes eligible for resentencing." People v. Bush, 245 Cal. App. 4th 992, 1005 (4th Dist. 2016). Likewise, the court of appeal has rejected attempts to equate more serious crimes with less egregious crimes. Bush, 245 Cal. App. 4th at 1005 (refusing to equate a conviction of theft from an elder – a statute intended to punish offenders who prey on dependent adults and vulnerable elders – with petty theft). Finally, the theft crimes specifically listed in Proposition 47 all require that the amount stolen be less that $950. Thornberry does not refute the finding that he took $2,500 from the bank. See Lodgment 3, Ex. B at 56 ¶¶ 1-24 (teller's testimony that she gave Thornberry $2,500 and he left the bank). His claim, therefore, fails on the merits. See Bowman v. Perry, 15cv1235-BAS (KSC), 2016 WL 4013675, at *6 (S.D. Cal. Jul. 27, 2016) (noting that Proposition 47 does not apply to robbery convictions).

Thornberry next argues that his case does not, in fact, involve simply a state procedural issue, but rather deprivation of a substantive state law entitlement. ECF No. 72 at 9. He cites to Hicks v. Oklahoma, 447 U.S. 343, 346 (1980), wherein the Court noted:

> Where, however, a State has provided for the imposition of criminal punishment in the discretion of the trial jury, it is not correct to say that the defendant's interest in the exercise of that discretion is merely a matter of state procedural law. The defendant in such a case has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion, and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State.

This argument fails for two reasons. First, Thornberry is not *entitled* under the language of Proposition 47 to have his conviction downgraded from robbery to theft, and there is no due process right to be charged with a lesser offense. Second, Hicks involved a defendant who was sentenced to a mandatory forty years of imprisonment under a habitual offender statute that subsequently was declared unconstitutional. Hicks, 447 U.S. at 344. The Supreme Court concluded that mandatory application of the statute had deprived Hicks of his right to have a jury exercise its discretion in determining his punishment. Id. at 347. Such is not the case here where the continued legality of Thornberry's robbery conviction and sentence have not been called into question and where Proposition 47 on its face does not apply to robbery convictions. The state courts do not have discretion to reduce sentences for crimes that are not enumerated in Proposition 47, see Bush, 245 Cal. App. 4th at 1005 (declining to apply Proposition 47 to crimes not listed in the statute), and neither does this Court. Therefore, the Court finds that citation to Hicks does not transform a non-cognizable state law claim into a federal claim under the Fourteenth Amendment.

Because Thornberry's claim is not one appropriate for review by this Court, the Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**.

///

7

16cv2083 BAS (NLS)

## IV. CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that the district judge **GRANT** Respondent's motion and dismiss the Second Amended Petition.

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). **IT IS ORDERED** that no later than **October 6, 2017**, any party to this action may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed with the court and served on all parties no later than **October 16, 2017**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: September 15, 2017

Hon. Nita L. Stormes
United States Magistrate Judge