# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE THORNBERRY, <br><br> Petitioner, <br><br> v. <br><br> SCOTT KERNAN, Secretary of the California Department of Corrections and Rehabilitation, <br><br> Respondent. | Case No. 16-cv-02083-BAS-AGS <br><br> **ORDER:** <br><br> **(1) OVERRULING PETITIONER'S OBJECTIONS (ECF Nos. 75, 79, 81);** <br><br> **(2) ADOPTING REPORT AND RECOMMENDATION (ECF No. 74); AND** <br><br> **(3) GRANTING RESPONDENT'S MOTION TO DISMISS SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 64)** |

Petitioner filed a Second Amended Petition for Habeas Corpus arguing that he "is eligible for resentencing as a matter of law under § 1170.18(a) [Proposition 47]." (ECF No. 61 ("Petition") at 6.) He claims that the failure of the state court to grant his request for resentencing violated his constitutional right to due process and equal protection. (Petition ¶ 48.)

Respondent moved to dismiss arguing that the Petition failed to state a constitutional claim. (ECF No. 64.) Magistrate Judge Stormes filed a Report and Recommendation ("R&R") recommending that the Court grant the Motion to Dismiss. (ECF No. 74.) Petitioner objects to this R&R. (ECF Nos. 75, 79, 81.)

Having reviewed the R&R *de novo*, the Court agrees with the Magistrate Judge, and therefore **OVERRULES** the Objections (ECF Nos. 75, 79, 81) and **ADOPTS** the R&R in its entirety.

I.  **LEGAL STANDARD**

The Court reviews *de novo* those portions of a Magistrate Judge's R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute [28 U.S.C. § 636(b)(1)(c)] makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. Pr. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge. In the absence of specific objection, the clear weight of authority indicates that the court need only satisfy itself that there is no "clear error" on the face of the record before adopting the magistrate judge's recommendation. *See, e.g.*, Fed. R. Civ. P. 72(b) Advisory Comm. Notes (1983) (citing *Campbell v. United States Dist. Court*, 501 F.3d 196 (9th Cir. 1974)).

## II.    ANALYSIS

### A. Background

On October 8, 2010, Petitioner pled guilty to one count of robbery. (Lodgment 1; Lodgment 6 at 1). Proposition 47, codified as California Penal Code § 1170.18, was a ballot initiative passed by the California voters after Petitioner was sentenced for his robbery conviction. Under § 1170.18, certain felony drug possession and theft convictions could be reduced to misdemeanors upon application to the trial court.

The State Court denied Petitioner's habeas petition requesting resentencing under this statute, noting both that Petitioner had failed to apply to the trial court for resentencing and that robbery is not one of the crimes covered under § 1170.18. (Lodgment 4.)

Petitioner files this habeas petition claiming the State Court ruling violated his constitutional right against equal protection and due process. The Magistrate Judge recommended that this Court grant Respondent's Motion to Dismiss noting that "the fact that Thornberry appended references to federal due process and equal protection rights to his claim does not transform it into a federal claim." (R&R at 4-5 (citing *Langford v. Day,* 110 F.3d 1380, 1389 (9th Cir. 1996); *Little v. Crawford,* 449 F.3d 1075, 1081-82 (9th Cir. 2006).

### B.    Petitioner's Objections

In his original objections (ECF No. 75), Petitioner argues that arbitrary denial of his resentencing, without consideration of the offense conduct underlying his conviction, violates due process. In *Langford v. Day*, 110 F.3d 1380 (9th Cir. 1996), the petitioner made a similar claim arguing that he was denied due process because the state court applied the wrong standard when the court refused to allow him to withdraw his guilty plea. 110 F.3d at 1389. The Ninth Circuit pointed out that a petitioner "may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process. We accept a state court's interpretation of

state law . . . and alleged errors in the application of state law are not cognizable in federal habeas corpus." *Id.* (citation omitted). The same rule applies here. Petitioner is ultimately arguing that the state court incorrectly interpreted state law. As the Court said in *Langford*, "our concern is with [petitioner's] *federal* rights." *Id.* (emphasis added).

Petitioner then argues: (1) that he is not just requesting resentencing but also that his conviction and sentence be vacated, and (2) that the necessary elements for robbery were not proven or pled at the preliminary hearing.[1] Neither of these arguments changes the ultimate conclusion that federal habeas courts may not "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

In his Addenda to his Objections (ECF Nos. 79, 81), Petitioner cites *Montgomery v. Louisiana*, __ U.S. __, 136 S. Ct. 718 (2016) and *Schriro v. Summerlin*, 542 U.S. 348 (2004) for the proposition that the federal court does have jurisdiction to determine whether a rule should be applied retroactively or not. However, these cases address the retroactive effect of U.S. Supreme Court decisions, not California statutes. *Montgomery*, 136 S. Ct. at 727 (stating that federal court has jurisdiction to decide whether state court incorrectly refused to give retroactive effect to a prior U.S. Supreme Court decision); *Schriro*, 542 U.S. at 354-55 (discussing retroactivity of a new rule announced by the U.S. Supreme Court). These cases do not deal with a federal court's ability to reexamine a state-court determination of a newly-passed state law.

Petitioner then cites *People v. Mora*, 214 Cal. App. 4th 1477 (2013) for the proposition that application of a state court rule retroactively does implicate equal protection because it treats two or more similarly situated groups in an unequal manner. The court in *Mora*, however, ultimately concluded that refusing to apply a new sentencing statute retroactively does not violate equal protection because it

---

[1] This is a curious argument since Petitioner pled guilty to robbery.

merely classifies defendants based on sentencing dates, not a suspect classification. 214 Cal. App. 4th at 1483. But, regardless of that conclusion, this Court agrees with the other district courts that have concluded that a petitioner's allegations do not implicate constitutional principles of due process or equal protection. *See Shell v. Rackley*, No. 16cv2320, 2017 WL 3021067, at *5 (S.D. Cal. Jul. 17, 2017), R&R adopted at 2017 WL 3605339 (S.D. Cal. Aug. 22, 2017); *McKinney v. Pfeiffer*, No. CV15-05268, 2017 WL 1078441, at *4 (C.D. Cal. Jan. 11, 2017), R&R adopted at 2017 WL 1073340 (C.D. Cal. Mar. 21, 2017); *Myles v. Rackley*, No. 16cv0278, 2016 WL 6298408, at *2 (E.D. Cal. Oct. 27, 2016), R&R adopted at 2016 WL 7212801 (E.D. Cal. Dec. 12, 2016); *Adams v. Borders*, No. ED CV16-005, 2016 WL 4523163, at *3 (C.D. Cal. Jul. 29, 2016), R&R adopted at 2016 WL 4520906 (C.D. Cal. Aug. 29, 2016).

## III. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Petitioner's Objections (ECF Nos. 75, 79, 81), **ADOPTS IN ITS ENTIRETY** the Magistrate Judge's R&R (ECF No. 74), and **GRANTS** Respondent's Motion to Dismiss (ECF No. 64). Because Petitioner has not "made a substantial showing of the denial of a constitutional right," the Court denies him a certificate of appealability. 28 U.S.C. § 2253. The Clerk of the Court shall enter judgment and close the case.

**IT IS SO ORDERED.**

**DATED: November 17, 2017**

Hon. Cynthia Bashant
United States District Judge